# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAUREN SCOTTOLINE, individually and as Parent and Guardian of J.S.S., a Minor, and STEVEN SCOTTOLINE, Parent of J.S.S., a Minor, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: N19C-08-135 FWW |
| v. | ) ) | |
| WOMEN FIRST, LLC, and CHRISTIANA CARE HEALTH SYSTEM, INC. | ) ) ) ) ) | |
| Defendants. | ) ) | |

Submitted: January 3, 2024
Decided: January 5, 2024

*Upon Plaintiffs' Application for Certification of Interlocutory Appeal*
**REFUSED.**

## ORDER

Bruce L. Hudson, Esquire, Joshua J. Inkell, Esquire, and Daniel P. Hagelberg, Esquire, HUDSON, CASTLE & INKELL, LLC, 2 Mill Road, Suite 202, Wilmington, Delaware 19806, and Gregg W. Luther, Esquire and Melinda Young, Esquire, The Keenan Firm, 495 Grand Boulevard, Miramar Beach, FL 32550, Attorneys for Plaintiffs.

Bradley J. Goewert, Esquire, and Thomas J. Marcoz, Jr., Esquire, MARSHALL DENNEHEY WARNER COLEMAN & GOOGIN, 1007 N. Orange Street, Suite 600, P.O. Box 8888, Wilmington, Delaware 19899, and David Batten, Esquire, BATTEN LEE, 4141 Parklake Avenue, Suite 350, Raleigh, North Carolina 27612, Attorneys for Defendant Women First, LLC

John D. Balaguer, Esquire, BALAGUER MILEWSKI & IMBROGNO 2961 Centerville Road, Suite 300, Wilmington, Delaware 19808, Attorneys for Defendant Christiana Care Health System, Inc.

**WHARTON, J.**

This 5th day of January 2024, upon consideration of the Application for Certification of Interlocutory Appeal ("Application") of Plaintiffs Lauren Scottoline, individually, and as Parent and Guardian of J.S.S., a minor, and Steven Scottoline, Parent of J.S.S., a minor ("Scottolines" or "Plaintiffs"),[1] the absence of opposition of Defendant Christiana Care Health System, Inc.'s ("CCHS")[2] and Defendant Women First, LLC ("Women First")[3] (collectively "Defendants"), and the record in this case, it appears to the Court that:

1.     The Scottolines brought this medical negligence action following the birth of their child, J.S.S. The gravamen of their complaint is that J.S.S. was deprived of oxygen during labor and delivery and sustained injuries, some of which are permanent, as a result of negligent medical care. CCHS first moved *in limine* to exclude Dr. Daniel Adler's ("Dr. Adler") opinion that a brain injury J.S.S suffered during delivery caused his autism spectrum disorder.[4] That effort was successful when the Court, analyzing the motion under Delaware Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,*[5] concluded that Dr. Adler's

---

[1] Application, D.I. 219.
[2] D.I. 220. *See also,* Letter from John Balaguer, Esquire dated December 19, 2023 on behalf of all parties, D.I. 217.
[3] D.I. 221.
[4] Defs.' First Mot. *in Limine* (Dr. Adler), D.I.
[5] *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993).

causation opinion as to J.S.S.'s Autism Spectrum Disorder was not admissible because it did not have a reliable scientific basis that it was not the product of a reliable methodology and amounted to "little more than the expert's *ipse dixit* conclusions."[6]

2.      A pretrial conference was held on March 10, 2023.  The primary discussion topic was what remained, if anything, of the Scottolines' causation and damages claims.  As a result of that discussion, the Court granted CCHS' oral motion to continue the trial, then scheduled for April 3rd, rescheduling the trial to January 29, 2023, with the expectation that further discovery would take place.[7]

3.      On June 8, 2023, Dr. Adler completed another medical report on J.S.S. ("Third Adler Report").[8]  CCHS again moved to exclude from trial the opinions stated in the Third Adler Report "for the same reasons it precluded the opinions in his previous reports."[9]  In their response, Plaintiffs, relying on *Norman v. All About Women, P.A.*,[10] argued that Dr. Adler's opinion was admissible pursuant to D.R.E.

---

[6] *Scottoline v. Women First, LLC*, 2023 WL 2325701 (Del. Super. Ct. Mar. 1, 2023)

[7] D.I. 188.

[8] *See,* Pls.' Response to Defs.' Second Mot. *in Limine* (Dr. Adler),Ex., C, ("Third Adler Report"), D.I. 204.

[9] CCHS' Second Mot. *in Limine* (Dr. Adler), at ℙ 9, D.I. 193.

[10] 193 A.3d 726 (Del. 2018).

702.[11] Alternatively, Plaintiffs requested an evidentiary hearing with Dr. Adler to answer questions regarding his causation opinion.[12]

4.      The Court concluded that the Third Adler Report's causation opinion left the parties in the same position as they were at the pre-trial conference in that the Third Adler Report expressed an opinion that was practically indistinguishable from the one the Court had ruled inadmissible.[13]  The Court also addressed Plaintiffs' request, made at oral argument, that the Court reconsider its Memorandum Opinion under Superior Court Civil Rule 60.[14]  The Court contrasted Rule 60 with Superior Court Civil Rule 59(a) and concluded that a fair reading of the Plaintiffs' Response showed it more properly to be a Rule 59(e) motion for reargument since it was based almost exclusively on the contention that the Court either overlooked or misapprehended controlling legal precedent, *i.e.*, *Norman*.[15]  The Court held that properly construed as a motion for reargument, it was untimely.[16]  The Court further held that even if it were to treat Plaintiffs' request as a Rule 60 motion for

---

[11] Pls.' Response to Defs.' Second Mot. *in Limine* (Dr. Adler), *passim*, D.I. 204.
[12] *Id.* at ℙ 26.
[13] *Scottoline v. Women First, LLC,* 2023 WL 8678617 at *4 (Del. Super. Ct. Dec. 15, 2023).
[14] *Id.*
[15] *Id.*
[16] *Id.*  Plaintiffs have not explained why they did not move for reargument after the Court's Memorandum Opinion of March 1, 2023 and before the pretrial conference on March 10th.

reconsideration, they had not demonstrated "extraordinary circumstances" warranting relief.[17]

5.    In their Application, the Plaintiffs argue that the benefits of interlocutory review would outweigh the probable costs of a direct appeal and would serve the considerations of justice, citing Delaware Supreme Court Rule 42(b)(iii)(H).[18] They contend that the interests of justice and judicial economy favor certifying an interlocutory appeal here because all of the attorneys as well as the Court in its original opinion of March 1, 2023 overlooked relevant controlling Delaware Supreme Court precedent, specifically, *Norman.* After considering the motion, the Court finds that its order granting the Defendant's second motion *in Limine* to exclude Dr. Adler's opinion testimony does not determine a substantial issue of material importance that merits appellate review before a final judgment, and refuses the application. In making this determination, the Court has considered the criteria of Delaware Supreme Court Rule 42(b)(iii) and concludes as follows as to each criterion:

---

[17] *Id.*

[18] Application at 10, D.I. 219.

a.      **Rule 42(b)(iii)(A).**  The Court finds that the interlocutory order does not contain a question of law resolved for the first time in this State, nor do the Plaintiffs argue that it does.

b.      **Rule 42(b)(iii)(B).**  The Plaintiffs have not pointed the Court to any conflicting decisions of trial courts on this issue, nor is the Court aware of any.  The Plaintiffs do cite *Norman* as conflicting with the Court's interlocutory order, however.

c.       **Rule 42(b)(iii)(C).**  The question of law does not relate to the constitutionality, construction, or application of a statute of this State, nor do the Plaintiffs argue that it does.

d.      **Rule 42(b)(iii)(D).**   The interlocutory order has not sustained the controverted jurisdiction of this Court, nor do the Plaintiffs argue that it does.

e.      **Rule 42(b)(iii)(E).**  The Court finds that the interlocutory order has not reversed or set aside a prior decision of the trial court, a jury, or administrative agency from which an appeal was taken to the trial court which had decided a significant issue, and a review of the interlocutory order would not terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice.  Plaintiffs argue that review of the interlocutory order would reduce, perhaps substantially, further litigation and serve the interests of justice in the

context of Rule 42(b)(iii)(H), the only provision of Rule 42(b)(iii) Plaintiffs cite specifically. The Court addresses its disagreement with that contention below.

f.      **Rule 42(b)(iii)(F).**  The interlocutory order did not vacate or open an order of the trial court, nor do the Plaintiffs argue that it does.

g.      **Rule 42(b)(iii)(G).**  Review of the interlocutory order would not terminate the litigation.  Were the Delaware Supreme Court to affirm this Court's interlocutory order, it is anticipated that the Defendants would then move for summary judgment, a motion that Defendants believe essentially would be unopposed due to the Plaintiffs lack of admissible expert testimony.  That option is available to the Defendants now and might well be underway were it not for this Application.   Were the Court to reverse this Court's interlocutory order, presumably the case would proceed to trial.

h.      **Rule 42(b)(iii)(H).**   Review of the interlocutory order would not serve considerations of justice.  Plaintiffs offer two reasons they believe it would.  First, it would allow the Delaware Supreme Court to apply *Norman,* which it contends the parties overlooked in litigating Defendants' first motion *in limine* and this Court overlooked in its original opinion of March 1, 2023.[19]   Although the parties may have overlooked *Norman,* this Court did not.  In fact, it quoted *Norman,* "'There is

_____

[19] Application at ⁋ 15, D.I. 219.

8

a "strong preference" for admitting expert opinions "when they will assist the trier of fact in understanding the relevant facts or the evidence."""[20] Second, Plaintiffs contend that refusal of the interlocutory appeal would waste judicial resources.[21] They foresee that "[e]ither the Defendants will move for summary judgement on the basis that Plaintiffs will no longer have an expert on causation or a trial will take place consuming three weeks of the Court's time and resources likely resulting in a defense verdict only to have this same appeal heard before the Supreme Court."[22] The Court sees events unfolding differently. It is difficult to understand how an interlocutory appeal will result in substantial conservation of judicial resources. The option of Plaintiffs proceeding to trial without a causation expert does not seem realistic. If the interlocutory appeal is refused, the Defendants intend to move for summary judgment.[23] The Defendants anticipate that such a motion essentially would be unopposed.[24] The Plaintiffs seemed to concede as much at argument on

---

[20] *Scottoline*, 2023 WL 2325701 at *3 (quoting *Norman*, 193 A.3d at 730). Also *contra* their contention in the Application at ¶ 15 that the Court overlooked *Norman,* Plaintiffs previously acknowledged that the Court referenced Norman in its Memorandum Opinion. Pls.' Response to Defs.' Second Mot. *in Limine* (Dr. Adler) at n. 13, D.I. 204.

[21] Application at ¶ 16, D.I. 219.

[22] *Id.* While Plaintiffs were pessimistic about their chances of success on summary judgment at oral argument, in the Application they offer no view on the likely outcome of such a motion.

[23] *See,* Letter from John Balaguer, Esquire dated December 19, 2023, D.I. 217.

[24] *Id.*

the Defendants' second motion *in limine*. In the Court's view, there is no need for an interlocutory review when a direct appeal likely will be available to them in very short order.

**THEREFORE,** Plaintiffs' Application for Certification for Certification of Interlocutory Appeal is **REFUSED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.